[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
Following a trial court judgment in his favor and a successful defense of the defendants' appeal to the Appellate Court, the plaintiff now moves for an order of post judgment attorney's fees, costs and interest. The trial court had originally entered judgment in the amount of $24,200.00 and approved an attorney's fee in the amount of $29,374.00 plus costs in the amount of $3,000.00 for a total of $56,574.41. The plaintiff now argues, and the court agrees, that he is entitled to 715 days of interest on this amount.
The plaintiff claims post judgment interest at the rate of 10% in accordance with General Statutes § 37-3a. The defendants, however, correctly argue that this statute does not fix the rate of post judgment interest at 10% but instead establishes a maximum rate. Sears Roebuck Company v. Board of Tax Review ofthe Town of West Hartford, 241 Conn. 749 (1997). CT Page 9145
The defendants introduced evidence to the effect that during the period in question, the City, through its investments, was achieving a rate of return of between 3.89 and 5.84%, although it acknowledges that it was conservative in its investment policy and that other forms of investment could have produced higher rates of return. The plaintiff offered no evidence on the subject of prevailing interest rates.
The court, therefore, awards post judgment interest at the highest rate obtainable by the City during the period in question, as no other basis for the finding of a higher rate has been presented to the court. Using, then, an interest rate of 5.84%, the court concludes that the plaintiff is entitled to post judgment interest at the rate $3,304.95 per annum. As the parties have stipulated that the plaintiff is entitled to 715 days of such interest, the court orders interest payments in the total amount of $6,472.11.
In addition, costs were taxed in the trial court in the amount of $398.48. The parties have stipulated that 449 days of interest should be applied to this amount as well. Applying the same rate, the interest due on this sum is $28.63.
The Appellate Court ordered $100.00 in costs, and the parties have stipulated that 46 days of interest should be applied to this order. At the rate of 5.84% per annum, the interest to be applied to the Appellate Court costs is therefore $.74.
The plaintiff has submitted an affidavit reflecting 82 hours of work at the rate of $200.00 in connection with the appeal. Though the parties agree that the $200.00/hour rate, already approved by the trial court, is appropriate for this court to use in rendering its award of attorney's fees on appeal, the defendants contest approximately 11 hours spent by the plaintiff's attorney in reviewing the trial transcript. The defendants argue that as trial counsel, the plaintiff's attorney knew the case well and did not require so extensive a review of the transcript in order to prepare the appeal. The plaintiff counters that because the appeal attacked the sufficiency of the evidence in the case, plaintiff's counsel was required to be fully familiar with the transcript. The parties did not offer any testimony as to the length of the transcript.
On balance, the court concludes that the fees claimed by the plaintiff in connection with the appeal are reasonable, and it CT Page 9146 awards such fees in the amount of $16,400.00 in addition to $3.00 in Appellate Court costs.
In summary, it is the order of the court that the defendants pay to the plaintiff the total sum of $79,977.37, as follows:
Trial Court Judgment $ 24,200.00 Trial Court Attorney's Fees 29,374.00 Trial Court Costs $ 3,000.00
 Subtotal $ 56,574.41 Interest on the above @ .0584 for 715 days 6,472.11
Trial Court Bill of Costs 398.48 Interest on the above @ .0584 for 449 days 28.63
Appellate Court Bill of Costs 100.00 Interest on the above @ .0584 for 46 days .74
Appellate Court Attorney's Fees 16,400.00
Appellate Court Costs $ 3.00
GRAND TOTAL $ 79,977.37
The defendants have represented, and the court accepts that representation, that this sum will be paid on or before the close of business on Friday, July, 9, 1999.
Jonathan E. Silbert, Judge